

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0822-07, PD-0823-07

**MELTRON LEVION ALBERTY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

JOHNSON, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KEASLER, J., concurred.

### O P I N I O N

The state indicted appellant for aggravated sexual assault of a child in two indictments that alleged that those offenses were committed on or about July 7, 2001, appellant's 17th birthday, and June 1, 2003. The indictments therefore alleged two offenses that were committed when appellant was an adult and were properly filed in the district court. Much of the testimony, however, dealt with allegations of an ongoing series of assaults on the complaining witness that began when appellant was 13 years of age and continued until the dates alleged in the indictments. The jury

convicted appellant of the charged offenses, and the judge sentenced him to fifteen years' confinement in each case. The court of appeals affirmed appellant's convictions. We reverse and remand the causes to the court of appeals.

**The Record**

The complainant testified that the last assault on him by appellant occurred when complainant was twelve, an apparent reference to the date alleged in the second indictment, June 1, 2003, when appellant would have been eighteen. The complainant also stated that there had been one time when appellant forced him and his brother to engage in a menage a trois that took place about a year before the last abuse, when the complainant was eleven. This may be a reference to the date alleged in the first indictment, July 7, 2001, appellant's seventeenth birthday. The description of that incident was explicit and detailed.

The remainder of the testimony of the complainant and other prosecution witnesses was either without any time frame or within a time frame during which appellant was clearly a juvenile. Testimony by the complainant elicited at trial by the prosecutor established a defined time frame for an assault asserted by the complainant to have occurred when he was "six or seven" years old and appellant was thirteen. The testimony about that assault was explicit and detailed. The prosecutor continued his direct examination of the complainant with several questions that were couched in terms of "did he ever" or "did [something] ever happen": "did he ever use anything [as a lubricant]"; "did he ever hit you"; "did stuff ever come out"; "did it ever land on [you]."

The length of the period of abuse was mentioned a number of times: "Is that the only time he ever did anything like that to you?" "No. It went on for five years"; "How old were you when [the

abuse] started?"  "Seven." . . .  "How old were you the last time it happened?"  "I was 12"; "You don't remember where your brother was in all these times, do you?"  "Some of the times; yes, sir."

The complainant's mother, DeDe, testified that, when the complainant was younger–six, seven, or eight–he didn't want to go visit his grandmother's house, where appellant also lived.  She stated that she had confronted appellant after the complainant's outcry and that he had confessed to "touching" the complainant when he was thirteen and the complainant six or seven, but denied any other incidents.

In closing argument, the prosecutor referred to that testimony twice, saying that "he admitted to doing it once when he was thirteen and the kids were six[,]" and that DeDe "told you the Defendant admitted to abusing both of them, both of them."  Also in his closing argument, the prosecutor stressed the duration of the abuse.

> [W]hen you ask Granny, in five whole years, they want to tell you that Meltron was never alone with either one of these kids.
> We're talking five-plus years, never, ever, ever.  Come on.  You know that they are covering that up.  That is a lie.  How in five-plus years, as often as these kids are over there, Meltron is never, ever going to be alone with them.

The jury charge contained the usual language in regard to the time frame to be considered:

> You are instructed that the State is not required to prove the exact date alleged in the indictment.  The term "on or about the 1st of June, 2003" means any date prior to the date of the filing of the indictment, August 27, 2003, and within the Statute of Limitations.  The Statute of Limitation for this type of alleged offense is 10 years past the child's 18th birthday.

Appellant made no objection to this instruction.

### The Appeal

On appeal, appellant brought three points of error, the second of which is relevant to the issues presented for our review.

The jury charges in these cases were erroneous in that they instructed the jury that they could convict appellant of any offense anterior to presentment of the indictment and within the statute of limitations, when in fact he could only be convicted of offenses occurring on or after his seventeenth birthday, July 7, 2001, since jurisdiction over offenses before that date had never been waived by the juvenile court.

In ruling on appellant's second point of error, the court of appeals construed the complaint, not as jury-charge error, but as a jurisdictional claim and then ruled that appellant had waived the issue because he had failed to file a written motion challenging the jurisdiction of the district court as required by TEX. CODE CRIM. PROC. art. 4.18(a). *Alberty v. State*, Nos. 05-05-01687-CR and 05-05-01688-CR (Tex. App.–Dallas, delivered February 9, 2007)( not designated for publication).

Thus, appellant claims he could only be convicted of offenses occurring on or after his seventeenth birthday because the trial court lacked jurisdiction over any offenses which occurred prior to his seventeenth birthday. For the reasons that follow, we conclude appellant waived this issue.

The Texas Code of Criminal Procedure provides

> A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a) Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.

Tex. Code Crim. Proc. Ann. Art. 4.18(a) (Vernon 2005). If the defendant's guilt or punishment is being tried or determined by a jury, the written motion must be filed and presented to the presiding judge of the court before selection of the jury. Tex. Code Crim. Proc. Ann. art. 4.18(b)(2)(Vernon 2005). If a defendant does not file a motion within the applicable time requirements of article 4.18(b), he may not contest the jurisdiction of the trial court on the ground that the juvenile court has exclusive jurisdiction. Tex. Code Crim. Proc. Ann. Art. 4.18(d)(1) (Vernon 2005).

In this case, appellant did not file a motion claiming the criminal district court lacked jurisdiction. Because he did not file an article 4.18 motion, he may not complain on appeal that the trial court lacked jurisdiction. Nevertheless, appellant contends the

trial court erred in submitting a jury charge allowing his conviction for acts that occurred before his seventeenth birthday because the trial court lacked jurisdiction to do so.

*Alberty*, slip op. at 1-2.

## Analysis

Appellant's actual complaint was not lack of jurisdiction, but that the jury charge permitted the jury to convict appellant of offenses committed before his seventeenth birthday. It is clear from the record that a significant portion of the testimony at trial was about incidents of abuse that occurred before appellant's seventeenth birthday and that some of the testimony appears to be about at least two incidents that occurred after his seventeenth birthday. Because the indictment alleged assaultive conduct that occurred after appellant became an adult, jurisdiction was properly in the district court, and appellant did not challenge jurisdiction.

Because of age restrictions on criminal prosecution, appellant could not be held criminally responsible for the sexual assaults allegedly committed while he was 15 or 16 years of age unless the juvenile court waived jurisdiction and certified appellant for criminal prosecution as an adult, and he could not be held criminally responsible at all for the sexual assaults allegedly committed while he was under the age of 15 years. TEX. PENAL CODE § 8.07(a), (b). Appellant asserts error in that the jury charge did not set out that distinction and did not instruct the jury that it could not convict appellant of any offense unless it found beyond a reasonable doubt that the offense of conviction occurred on or after July 7, 2001. He further alleges harm because much of the testimony was about an incident when he was thirteen and that the testimony described that assault in graphic detail.

Art. 4.18, by its plain language, applies only if jurisdiction is "exclusively in the juvenile court." The record indisputably shows that the evidence supported jurisdiction in both the juvenile and district courts, thus jurisdiction in the juvenile court was not exclusive. Because the district court also had jurisdiction, art. 4.18 does not apply, and appellant was not bound to file any motion in regard to the earlier assaults. The court of appeals erred in holding that appellant waived his complaint.

## Conclusion

We reverse and remand these cases to the court of appeals for consideration of whether the jury charge was erroneous because it did not limit the "on or about" language in regard to the statute of limitations to any date prior to the date of the filing of the indictment, August 27, 2003, and on or after the appellant's seventeenth birthday on July 7, 2003, thus permitting the jury to convict him on the basis of testimony about numerous offenses alleged to have been committed while appellant was a juvenile. If the instruction is found to be erroneous, the court of appeals shall then consider whether appellant was harmed by that error. *Almanza v. State*, 724 S.W.2d 805 (Tex. Crim. App. 1986).

Delivered: April 9, 2008
Publish