**Affirmed and Opinion Filed June 11, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01338-CR

**AARON JOHN LUMSDEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-13-594**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Aaron John Lumsden appeals his conviction for the aggravated sexual assault of H.P., a child younger than fourteen years of age. After finding appellant guilty, the jury assessed punishment at forty-five years in prison and a $10,000 fine. In three issues, appellant complains about the admission of certain evidence and charge error. We affirm.

H.P. was born in 2003. After her mother, Misty, and father, Brian, split up, Misty dated and lived with appellant. Brian began dating and later married Tashia. H.P. lived with Brian and Tashia and, until she was about four years old, visited her biological mother, Misty, and appellant every other weekend and on Wednesdays. After several visits when H.P. came home with bruises and scrapes from "playing" with appellant, Brian and Tashia called CPS. Although CPS staff was able to talk to Misty, they could not reach appellant and subsequently closed the

investigation. Nevertheless, Brian and Tashia decided it was in H.P.'s best interest to stop visiting Misty and appellant.

Three years later, the couple decided to reach out to Misty, in large part because H.P. began asking where Misty was and why she was not around. At some point, Misty told Tashia she was taking her children to the circus and suggested Tashia and H.P. meet them there. When they arrived, Tashia and H.P. realized appellant was there with Misty. H.P. told Tashia she did not want to be there because of appellant, so they left.

In the summer of 2013, H.P. told Tashia she needed to tell her a secret, that "when she was about five years old," appellant "stuck his penis in her." Tashia, who was "shell-shocked," called the crisis center who in turn contacted CPS and the police. Charlene Green, a forensic interviewer, interviewed H.P. As a result of the investigations by CPS and the police, appellant was arrested and charged with aggravated sexual assault of a child.

Before trial, the State gave notice of its intent to (1) use H.P.'s statement to an outcry witness, naming both Tashia and Green as the potential outcry witness, and (2) introduce an extraneous event that occurred in 1998 involving the then thirteen-year-old appellant and his four-year-old stepbrother. In the first pretrial hearing, the trial court considered whether, under article 38.37 of the code of criminal procedure, the State could introduce evidence that appellant "committed a separate offense" when he was thirteen years old: specifically, that he and his stepbrother "took their clothes off . . . [the little boy] was down on his hands and knees, and . . . [appellant] put his penis on top of the little boy's butt . . . [and when] the little boy realized that it was wrong [he] ran out of the room to his mother." After concluding section 2(b) of article 38.37 specifically provided for the admission of such evidence, the trial court allowed it at trial during guilt/innocence. A second pretrial hearing was held to determine whether Tashia or

Green was the proper outcry witness. At the conclusion of this hearing, the trial court concluded Green was the outcry witness.

In his first issue, appellant claims the trial court erred by designating the forensic interviewer Green as the outcry witness. He claims H.P. first told Tashia about the incident and, therefore, Green should not have been allowed to testify as the outcry witness.

As a prerequisite to presenting a complaint for appellate review, the record must show that "the complaint was made to the trial court by a timely request, objection, or motion" stating "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1). When an appellant does not object to the admission of evidence, he fails to preserve the issue for review. *Mays v. State*, 318 S.W.3d 368, 391–92 (Tex. Crim. App. 2010).

Here, at the conclusion of the pretrial hearing, appellant argued H.P.'s statement to Tashia was "adequate as to engaging in a private sexual act, which is for being in the indictment which we are here today." Noting that the statement made to the forensic interviewer was more complete and specific with respect to the offense, the trial court overruled his objection and ruled Green was the proper outcry witness. During trial, before the State called the forensic interviewer as a witness, the trial court asked appellant outside the jury's presence if he had any objection to the witness. Appellant replied, "We already had a hearing previously outside the presence of the jury with Ms. Green. I believe that she is the designated outcry witness. I don't think I had any objections at that time. No objection." Under these circumstances, we conclude appellant has not preserved any complaint regarding the outcry witness for our review. We overrule his first issue.

In his second issue, appellant claims the trial court erred by allowing the jury to hear and consider the article 38.37 evidence of the prior incident with his then-four-year old stepbrother. Appellant argues the evidence was not admissible for a variety of reasons, including that, at the time, he was thirteen years old and could not have been convicted of any offense.

At the pretrial article 38.37 hearing, appellant's father testified about the events in 1998 involving appellant and his stepbrother that led the father to contact CPS. In addition, the CPS worker assigned to investigate the allegations testified. At the conclusion of the hearing, appellant did not voice any objections.

At trial, when the State called appellant's father to testify, the trial court admonished the jury that any evidence heard regarding appellant committing a separate offense, other than the one he was on trial for, could only be considered if the jury found the evidence beyond a reasonable doubt and then, it could only be considered as evidence "bearing on relevant matters, including the character of the defendant and the acts performed with and in conformity with the character of the defendant." Appellant then said, "I'd like to urge my objection to his testimony." He did not, however, give any legal ground or basis for his objection. His objection did not state, with sufficient specificity, what his complaint was or what relief he sought. *See Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (objection must be sufficiently clear to provide trial court and opposing counsel opportunity to address and, if necessary, correct purported error). Furthermore, the complaint he raises on appeal, that he could not have been prosecuted for or convicted of any offense in 1998 because he was thirteen years old, does not comport with the general objection lodged at trial. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (appellant failed to preserve any error regarding admission of evidence because objection at trial did not comport with complaint raised on appeal). We conclude

appellant waived any complaint regarding the trial court's decision to admit the evidence. We overrule appellant's second issue.

In his third issue, appellant claims the trial court erred by instructing the jury regarding the 1998 incident. The charge instructed the jury:

> You are further instructed that if there is any testimony before you in this case regarding the defendant having committed a separate offense of intentionally or knowingly causing the touching of the body of [his four-year-old stepbrother], including touching through clothing, with the defendant's genitals, with the intent to arouse and gratify the defendant's sexual desire[,] [y]ou cannot consider said evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense, if any. Even then, this evidence may only be considered by you for any bearing that this evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Under this issue, appellant's entire legal analysis is as follows:

> At the Court Charge stage of the case, Penal Code Article 8.07 and the 1998 version of the indecency with a child offense would both have been independent grounds for excluding an [sic] reference to the prior alleged offense from the jury charge. That exclusion would have been a proper application of the law of the case as discussed in Taylor and Alberty supra. The trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions. Article 36.14, T.C.C.P. Delgado v. State 235 SW3d 244 (Tex. Crim. App. 2007)[.]

Texas Rule of Appellate Procedure 38 provides a brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(h), (i). It is unclear from appellant's brief what his precise complaint is. Appellant does not discuss the standard of review for purported jury charge error, and although appellant cites three cases as authority, he does not analyze these three cases or other substantive law to support his contentions. *See Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001). Nor does he show was harmed by the purported erroneous

jury charge. Given appellant's complete failure to analyze the cases cited or any other law, we question whether appellant has adequately briefed this issue.

Regardless, even if we consider *Taylor v. State*, 332 S.W.3d 483 (Tex. Crim. App. 2011) and *Alberty v. State*, 250 S.W.3d 115 (Tex. Crim. App. 2008), appellant has not shown reversible error because neither case applies to the facts here. In *Taylor* and *Alberty*, each defendant was charged with sexually abusing their respective victims over a period of years. During a portion of this time, each defendant was younger than seventeen years of age. *Taylor*, 332 S.W.3d at 485−86; *Alberty*, 250 S.W.3d at 116−17. Because the law did not allow a person to be convicted of acts committed while younger than 17 years of age, the defendants complained on appeal that the jury was allowed to convict them for acts committed when they were younger than seventeen, in violation of section 8.07 of the penal code, rather than limiting the conduct to when they were 17 years of age or older.[1] *Taylor*, 332 S.W.3d at 488; *Alberty*, 250 S.W.3d at 118.

In contrast to these cases, appellant did not begin abusing H.P when he was a juvenile; rather, he was an adult at the time of all the alleged misconduct. And he was not being charged with any incident involving his stepbrother. The concerns addressed in *Taylor* and *Alberty* are absent here. We overrule appellant's final issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)

141338F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

---

[1] Under section 8.07 of the penal code, unless a juvenile court waives jurisdiction under section 54.02 of the family code, "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 17 years of age" except for specific offenses detailed in subsections (a)(1) through (5) of that section. TEX. PENAL CODE ANN. § 8.07 (West Supp. 2014).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON JOHN LUMSDEN, Appellant

No. 05-14-01338-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-13-594.
Opinion delivered by Justice Francis, Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 11, 2015.