Cipriano Ramon ALMANZA, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–81–340–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 19, 1983.

Rehearing Denied Feb. 16, 1983.

Discretionary Review Refused May 4, 1983.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

Our prior opinion is withdrawn.

We reverse and remand.

Although many recent opinions have off-handedly dismissed the changing of "and" in the indictment to "or" in the court's charge, such approach is dangerous and usually fatal in matters where *aggravation* or *jurisdiction* is involved. In the instant cause of *aggravated rape* the indictment *joined* the allegation of threats of death to the standard form allegation of rape by the word *and*. In the court's charge the aggravation feature was *disjoined* from rape by the word *or*. Such constitutes fundamental error. *Messenger v. State,* 638 S.W.2d 883 (Tex.Cr.App.1982).

The cause is reversed and remanded to the trial court for further proceedings under this indictment.