**Cipriano Ramon ALMANZA, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–340–CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 25, 1985.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

## OPINION

FENDER, Chief Justice.

On original submission this court issued an opinion affirming the conviction of Cipriano Ramon Almanza, Jr. for the offense of aggravated rape. On motion for rehearing this court reversed the conviction for "fundamental" error, issuing a short opinion concerning the use of "and" and/or "or" in indictments and/or jury charges. *See Almanza v. State,* 645 S.W.2d 885 (Tex.App.—Fort Worth 1983). The Court of Criminal Appeals has reversed our judgment (although admitting that it was correct when written) and instructed this court to reconsider our action to determine whether or not the trial court in this cause erred "egregiously" or "less than egregiously." *See Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1985).

The opinion of this court on original rehearing here did not set forth the fact situation of the case as it seemed unnecessary in the light of obvious fundamental error. The Court of Criminal Appeals likewise found such discussion needless. It now becomes appropriate to summarize the events of the evening in question.

There were four persons involved. The victims, Mary Ray Hayes and her husband, Michael Hayes, were a mentally retarded couple. The appellant was a person known to the victims as "Junior" (by which appellation further reference will be made). The fourth individual was at the time unknown to the Hayeses and known only to Junior by the name "Archie" (by which name further reference will be made). Archie was never apprehended or further identified beyond the Hayeses' description of him as a black male.

On the night of December 28, 1979, Archie and Junior came to the Hayes residence and requested admittance. Archie displayed a pistol to Mr. Hayes who then permitted them to enter. Once inside the pair terrorized the victims. Archie talked of killing people in Vietnam, repeatedly referred to the gun as "his baby" and fired the pistol into the ceiling. Junior held or threw Mr. Hayes down while Archie pistol-whipped Mr. Hayes. Mrs. Hayes was also struck with the pistol. More scuffling ensued and the Hayeses sought refuge in a bedroom. Junior kicked in the bedroom door and the bizarre events continued.

Archie threw Mrs. Hayes on the bed and raped her. Archie had given the gun to Junior, who cocked it and held it on Mr. Hayes while the rape took place, telling Mr. Hayes, "You better watch this. If you don't watch this, I'm going to shoot you, shoot you right now, right here and now." Archie told Junior to force Mr. Hayes to watch. Archie then took the gun and put it to Mr. Hayes' head and told Mr. Hayes to watch while Junior attempted to have anal intercourse with Mrs. Hayes.

Mrs. Hayes testified that she submitted to the indignities because she feared for her life and the life of her husband. Archie had specifically said that Mr. Hayes would be killed if she did not submit. Both Archie and Junior warned the couple not to call the police. Junior severed the phone line. Mr. and Mrs. Hayes testified that Archie and Junior acted like friends and that Junior did not seem afraid of Archie.

In his defense Junior admitted being present and that Archie raped Mrs. Hayes. His story primarily differed from the Hayeses' in that he claimed Archie forced him at gun-point to do the things he did and that Archie kept the gun and forced him (Junior) and Mr. Hayes to stand and watch the rape.

Appellant in this cause was charged in a multiple count indictment which included one count of aggravated rape (with death threats to Mrs. Hayes as the aggravating factor); a second count of aggravated rape (with death threats to Mr. Hayes as the aggravating factor); a count for aggravated robbery; a count for rape; a count for sexual abuse. The prosecutor waived all but the two aggravated rape charges at the commencement of the trial. It is unquestioned in the matter before us that the first count of the indictment properly charged the offense of rape *and* that such was compelled by a death threat to Mrs. Hayes

and also that the second count of the indictment properly charged the offense of rape *and* that such was compelled by a death threat to Mr. Hayes.

The problem before us arises from the wording of the trial court's instructions to the jury. To consider this subject in the proper light an analysis of the charge is in order. Since the prosecution of Junior was bottomed on the theory that he was a party to the unlawful actions of Archie, this breakdown may be subjected to a certain amount of "poetic license" so that the legal problem may be postulated with some clarity. Many of the formalistic portions of the "application" segment of the court's charge will be eliminated without the confusing use of a series of dots to denote such omission. This will be as to such matters as dates, venue, non-wife status, reasonable doubt, etc. All of these are not contested and clearly appear to be properly included in the original. In the event this in turn creates an ambiguity in the reader's mind, the full text of the two indictment counts, the two application charges and the general law charge are shown in the appendix at the end of this opinion.

On the first page of the charge there is a standard statutory definition of the offense of rape followed by the two-pronged statutory definition of lack of consent, i.e., (1) submission to force or (2) submission to fear caused by acts, words or deeds. On the second page the court advised "A person commits the offense of aggravated rape if he commits rape as defined above *and* he compels submission to the rape by threat of death to be imminently inflicted on anyone" (emphasis added). On the fourth page the court set out an essentially statutory definition of the law of parties.

On the fifth page the trial court applied the law to the facts as to count one to produce this greatly abridged charge:

Now if you find that Archie had non-consensual sexual intercourse with Mary *and* that Archie compelled submission by excess force *or* if Archie compelled submission by threat of the imminent death of Mary *and* if you find that Junior participated as a party then you will find Junior guilty of aggravated rape. (Emphasis ours).

Following this the court said that if the jury did not so find they would acquit on count one and proceed to consider count two. The jury did so not find and passed on to the consideration of count two.

The court's application of law to fact as to count two appears on the sixth page of the instructions. It is abridged and paraphrased as follows:

Therefore if you find that Archie did have non-consensual sexual intercourse with Mary *and* that Archie compelled submission by excess force *or* that Archie compelled submission by a threat of death upon Michael *and* if you find that Junior participated as a party then you fill find Junior guilty of aggravated rape. (Emphasis ours).

The jury did so find and Junior was thus convicted.

At page eight of the instructions the following admonition appears among the "laundry list" generally found in all criminal jury charges:

You are the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be given to their testimony, but *you are bound to receive the law from the court,* which is here given, *and be governed thereby.* (Emphasis added).

Despite several written motions by defense counsel the court declined to charge on any lesser included offense. Only three verdict forms were submitted, i.e., (1) guilty of aggravated rape by reason of death threats to Mrs. Hayes or (2) guilty of aggravated rape by reason of death threats to Mr. Hayes or (3) not guilty.

No objections or exceptions were registered with the trial court which would call the attention of the trial judge to the disjunctive "or" emphasized in the abridged charges, supra.[1] We are thus charged with

---

1. If the conjunctive "and" had been, upon proper objection, substituted for the disjunctive "or",

determining not only whether such submission was legally wrong but whether it so tainted the proceedings as to require it all to be done over again.

Let us first analyze the situation that would have existed if the prosecutor had waived all but the first count of the indictment and the court had given the same application charge as herein given (which actually states the position of the jury when they considered count one). By a slightly expanded (but still abridged) excerpt of the charge, but omitting the words after the offensive *or* we find the following:

Now if you find that one "Archie" did, without the consent of Mary, a female not his wife, have sexual intercourse with Mary, and that "Archie" compelled submission to the intercourse by force that overcame such earnest resistance as might reasonably be expected under the circumstances, and if you further find that "Junior" encouraged or aided "Archie" in committing such offense, you will find "Junior" guilty of aggravated rape as charged in the indictment.

The second alternative presented to the jury would include the material following the *or* but omitting the appropriate phrase or phrases preceding the *or*, which would then read as follows:

Now if you find that one "Archie" did, without the consent of Mary, a female not his wife, have sexual intercourse with Mary, and if "Archie" compelled submission to the sexual intercourse by threat of death to be imminently inflicted on Mary and if you find that "Junior" encouraged or aided "Archie" in committing such offense, you will find "Junior" guilty of aggravated rape as charged in the indictment.

It is rather obvious that a general verdict of guilty based on the breakdown above would have been subject to appellate condemnation on the ground that the jury might have chosen the first alternative and thus have found that Archie committed rape (not aggravated rape) and yet find this court would have approved the charge in

Junior guilty of a higher offense. The fact that the second alternative might have supported the verdict would not have defeated such claim. And the same claim could have been levelled if everything had been waived except the second count of the indictment. Nothing could be shown to demonstrate that the jury had not been misled by the erroneous splitting of the elements of aggravated rape. Under the "fundamental error" rules in effect until this cause was remanded to us we would have been required to reverse and remand.

█ However, in line with the instructions of the Court of Criminal Appeals in remanding this cause back to this court, there now must be made a determination of the degree of egregiosity involved in this patently erroneous submission.

To essentially re-define the problem currently before us, it can be said that the jury was given five choices. First, if Archie committed ordinary rape as defined on the first page of the charge and Junior helped, then Junior should be found guilty of aggravated rape as defined in the second page of the court's charge. Secondly, if Archie committed aggravated rape by threatening to kill Mrs. Hayes and Junior helped, then Junior should be found guilty of aggravated rape. Thirdly, if Archie committed ordinary rape as defined on page one of the charge and Junior helped, Junior should be found guilty of aggravated rape as defined on page two of the charge. Fourthly, if Archie committed aggravated rape by threatening to kill Mr. Hayes and Junior helped, then Junior should be found guilty of aggravated rape. Fifthly, and last, if none of the above, Junior should be acquitted.

Following the application charge on count one the court instructed the jury as follows:

If you do not so believe or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of aggravated rape as charged in Count One of the indictment and next consider either count one or count two.

whether the Defendant, Cipriano Ramon Almanza, Jr., is guilty of the offense of aggravated rape as charged in Count Two of the indictment.

The jury acquitted under count one (by necessary inference) because they considered count two, even though there is no affirmative showing in the jury verdict of such acquittal. This, then leads to the conclusion that the jury passed up the opportunity to exercise Option One of the five alternatives previously listed, i.e., they did not find that Archie committed ordinary rape and ergo find Junior guilty of aggravated rape. The failure to convict of count one also means that the jury rejected Option Two, i.e., they did not find that Archie committed aggravated rape by threatening Mrs. Hayes and ergo find Junior guilty of aggravated rape.

This progresses us to the Third Option which is identical with Option One. It would be idle to speculate by what convoluted reasoning the jury would reject Option One and then give even a fleeting thought in reconsideration of exactly the same proposition and reach a different result. We are therefore left with the logical conclusion that the jury reached Option Four and felt unanimously comfortable with the application of the theory that Archie committed aggravated rape by threatening Mr. Hayes and that Junior helped, ergo, Junior was guilty as a party to aggravated rape.

From this overview of the totality of the circumstances, we conclude that the harm to appellant was not egregious. We do not characterize such error as harmless, but instead reserve the right to re-examine such erroneous (or indiscriminate) use of the disjunctive "or" when the facts differ from those peculiarly revealed herein.

■ In the briefs originally submitted some years ago appellant questioned the sufficiency of the evidence to show that the submission by Mrs. Hayes was compelled by the threat to Mr. Hayes, on the ground she had already submitted to the rape before a specific threat to kill was made (i.e., "watch or I'll kill you"). We find the record replete with evidence of gun brandishment and other life threatening behavior towards Mr. Hayes so as to support the finding of the jury.

Our prior published opinion is hereby modified so as to limit its application to cases involving egregious harm rather than those evidencing fundamental error.

The judgment of the trial court is affirmed.

## APPENDIX

### INDICTMENT (Excerpted)

Cipriano Ramon Almanza, Jr., hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 28th day of December, 1979, did then and there intentionally and knowingly by threats and force, and without her consent, have sexual intercourse with Mary Ray Hayes, a female who was not his wife and the defendant compelled submission to said rape by threats of death to be imminently inflicted on Mary Ray Hayes;

COUNT TWO: And it is further presented in and to said court that the said Cipriano Ramon Almanza, Jr. in the County of Tarrant and State aforesaid on or about the 28th day of December, 1979, did then and there intentionally and knowingly by threats and force, and without her consent, have sexual intercourse with Mary Ray Hayes, a female who was not his wife and the Defendant compelled submission to said rape by threats of death to be imminently inflicted on Michael Hayes.

### COURT'S CHARGE AS TO GUILT OR INNOCENCE: (Excerpted)

1.

Our law provides that a person commits the offense of rape if he has sexual intercourse with a female not his wife without the female's consent.

The intercourse is without the female's consent if the person committing the offense compels the female to submit or participate by force that overcomes such earnest resistance as might reasonably be ex-

pected under the circumstances or, if he compels her to submit or participate by any threat communicated by actions, words or deeds that would prevent resistance by a woman of ordinary resolution under the same or similar circumstances because of a reasonable fear of harm.

2.

A person commits the offense of aggravated rape if he commits rape as defined above and he compels submission to the rape by threat of death to be imminently inflicted on anyone.

6.

Now, if you find from the evidence, beyond a reasonable doubt, that on or about the 28th day of December, 1979, in Tarrant County, Texas, a person known as "Archie" did then and there intentionally or knowingly without the consent of Mary Ray Hayes, a female, have sexual intercourse with the said Mary Ray Hayes, and that the said Mary Ray Hayes was then not the wife of the said "Archie", and *that the said "Archie" intentionally or knowingly compelled submission to the sexual intercourse by force that overcame such earnest resistance as might reasonably be expected under the circumstances on the part of the said Mary Ray Hayes,* or **if said "Archie" intentionally or knowingly compelled submission to the sexual intercourse by threat of death to be imminently inflicted upon the said Mary Ray Hayes and that such threat to said Mary Ray Hayes was such that it would prevent resistance by a woman of ordinary resolution under the same or similar circumstances because of a reasonable fear of harm,** and if you further find from the evidence beyond a reasonable doubt that on such occasion the Defendant, Cipriano Ramon Almanza, Jr., acting with intent to promote or assist the commission of the offense, if any, solicited, encouraged, aided or attempted to aid the said "Archie" in committing such offense, if any, then you will find the Defendant guilty of aggravated rape as charged in Count One of the indictment and say so by your verdict. (Emphasis ours).

7.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 28th of December, 1979, in Tarrant County, Texas, a person known as "Archie" did then and there intentionally or knowingly without the consent of Mary Ray Hayes, a female, have sexual intercourse with the said Mary Ray Hayes, and that the said Mary Ray Hayes was not then the wife of said "Archie" and *that said "Archie" intentionally and knowingly compelled submission to such sexual intercourse by a force that overcame such earnest resistance as might reasonably be expected under the circumstances* or **that said "Archie" intentionally or knowingly compelled submission to the sexual intercourse by threat of death to be imminently inflicted upon Michael Hayes, and that such threat was such that it would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances because of a reasonable fear of harm,** and if you further believe from the evidence beyond a reasonable doubt that on such occasion the Defendant, Cipriano Ramon Almanza, Jr., acting with intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid said "Archie" in the commission of the offense, if any, then you will find the Defendant guilty of the offense of aggravated rape as charged in Count Two of the indictment and so say by your verdict. (Emphasis ours).