**Cipriano Ramon ALMANZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1302–85.

Court of Criminal Appeals of Texas, En Banc.

Nov. 12, 1986.

Certiorari Denied April 20, 1987. See 107 S.Ct. 1901.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appellant was convicted of aggravated rape, under the former penal code, Sec. 21.03. See now V.T.C.A. Penal Code, Sec. 22.021(a)(3). On motion for rehearing the Fort Worth Court of Appeals withdrew its original opinion and reversed, finding "fundamental error" in the jury charge. *Almanza v. State,* 645 S.W.2d 885 (Tex.App. —Fort Worth 1983). Review was granted in this Court, and the State's motion for rehearing became the occasion for this Court's holding that even a defendant claiming fundamental error in his jury charge must show how he was harmed by such error. There are two tests for harm to be applied to any jury charge error, depending on whether there was objection to the error at trial.

"... If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

"On the other hand, if no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'"

*Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Cr.App.1984) (emphasis in original). We remanded to the Court of Appeals to apply this test for harm.

The Court of Appeals has now done so. *Almanza v. State,* 696 S.W.2d 282 (Tex. App.—Fort Worth 1985). Having reviewed the entire charge, the court found that "the harm to appellant was not egregious." *696 S.W.2d at 286.* We granted appellant's petition for discretionary review in order to determine whether the Court of Appeals applied the proper test for harm.

Appellant was tried on two counts of aggravated rape. The aggravating element in each count was that submission to the sexual intercourse was compelled by threat of death to be imminently inflicted. Count one alleged that this threat of death had been directed toward the complainant. Count two alleged that the threat of death had been aimed at the complainant's husband. Both these theories were submitted to the jury in the court's charge, and the jury convicted on the second count.

The error in the charge was that the aggravating element in each count was charged in the disjunctive. That is, the jury was instructed to find appellant guilty of aggravated rape if they found that he had compelled submission by force (rape) *or* if they found that he had compelled submission by threat of death (the aggravating element). Therefore potentially the jury could have found appellant guilty of aggravated rape if they believed he was guilty only of rape.

Appellant now contends that he made timely and specific objection to this error, and that therefore the Court of Appeals should have reversed the conviction if they found he had suffered only "some harm" as a result of the error, rather than "egregious harm." We shall examine this contention.

Appellant's objection at trial was that the charge

"uses the word 'force' and the jury Charge does define force and uses it in the jury Charge. However, the Indictment does not allege any manner and means of force, what force was used. It is not alleged in the Indictment. Therefore, I would suggest to the Court that the Court in its Charge by defining force and charging in the charging part of the instructions as to force is telling the jury or allowing the jury to convict this Defendant in a fashion not alleged in the Indictment."

Appellant's counsel then requested that the trial court strike the word "force" and any definition thereof from the charge. The court overruled that request. Appellant now argues that had the trial court granted the request and stricken the phrase involving force from the charge, the only theory left in the charge would be that appellant had compelled submission through threat of death. This would have removed the error from the charge because the jury would no longer have been authorized to convict appellant of aggravated rape while finding that he had committed "unaggravated rape" ("compels her to submit ... by force"). Therefore, appellant claims, this objection was sufficient to call the trial court's attention to the fact that the instructions improperly charged in the disjunctive.

■ We disagree. Appellant's objection called the court's attention to one specific part of the charge, the part that alleged that appellant had committed the rape through force. This specific objection in no way put the trial court on notice of the error in a wholly different part of the charge. Appellant's objection that "force" should not have been defined for the jury bears no relation to the objection that should have been made—that the charge allowed conviction for aggravated rape in circumstances that only showed guilt of rape.

Furthermore, appellant's objection was incorrect. The word "force" *did* appear in the indictment, which alleged that appellant did "intentionally and knowingly by threats and force, and without her consent, have sexual intercourse with" the complainant. There was no error in the trial court's further elaborating on the statutory meaning of force in the charge: "... force that overcame such earnest resistance as might reasonably be expected under the circumstances ..." Appellant was charged with aggravated rape, the first element of which was that he commits *rape*. The method by which he was alleged to have committed rape was "by force." Rape was an element of aggravated rape and force was an element of rape. There was therefore no error in the trial court's defining that element of the offense in its charge to the jury.

■ We find untenable appellant's argument that because *if* the trial court had sustained appellant's incorrect objection the court *might* thereby have *inadvertently* also removed a wholly different error, the objection made was therefore sufficient to call the trial court's attention to that wholly different error. Such an argument is entirely too speculative. The purpose of requiring specific objection at trial is so that the error may be corrected at that level. Appellant's objection was not sufficiently specific even to alert the trial court that the error existed. We therefore conclude that the Court of Appeals utilized the correct test for harm. In the absence of specific objection, the test was whether appellant suffered "egregious harm." That was the standard employed by the Court of Appeals.

The judgment of the Court of Appeals is affirmed.

CLINTON, TEAGUE and CAMPBELL, JJ., concur in the result.