Affirm and Memorandum Opinion filed January 21, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00661-CR

___________________

 

ALEXANDER MICHAEL HATCHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Cause No. 1134413

 



 

 

MEMORANDUM OPINION

            Appellant,
Alexander Hatcher, was charged by indictment with the felony offense of assault
on a public officer and entered a plea of not guilty.  The jury found him guilty
as charged.  Appellant raises the following issues on appeal: (1) the trial
court erred in excluding testimony about appellant’s psychiatric hospitalization;
(2) the court erred in submitting a jury charge that failed to adequately
define the phrases “beyond a reasonable doubt” and “preponderance of the
evidence”; (3) there was legally and factually insufficient evidence  that he
had the requisite intent or knowledge to commit the offense; (4) he received
ineffective assistance of counsel; (5) section 8.01 of the Texas Penal Code
violates the due process clause of United States Constitution and the Texas
Constitution; and (6) his sentence violates constitutional guarantees against
cruel and usual punishment.  We affirm. 

I.   Background

            On September 23, 2007, appellant was confined in a
single lockdown cell in the Harris County Jail.  After appellant proceeded to
clog his toilet and flood several jail cells, Officers W. J. Strong and Edgar
O. Melchor approached his cell to remedy the problem.  Consistent with
department policy, they ordered appellant to place his hands through the cell’s
pan hole to be handcuffed.  He refused and was ordered to sit down on the bunk
in his cell.  Although he complied with that instruction, he immediately lunged
at Officer Strong after the door to his cell was opened.  Appellant wrapped
himself around Officer Strong and refused to let go.  He also scratched Officer
Strong on the head and chest, and likewise scratched and bit Officer Melchor,
who had entered the cell to assist.  Officers Isai Longoria and Roger L.
Leverette were summoned to assist Officers Strong and Melchor.  Appellant similarly
scratched Officer Longoria on the arm and ripped his shirt, and scratched
Officer Leverette on the forehead. 

A
jury convicted appellant of intentionally and knowingly assaulting a public
servant, a third degree felony with a sentencing range of two to ten years.  See
Tex. Penal Code Ann. §§ 12.34, 22.01(a)(1), (b)(1) (Vernon Supp. 2009). 
Because appellant was a repeat offender, his sentencing range was increased to
twenty-five to ninety-nine years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice.  See id. § 12.42(d) (Vernon
Supp. 2009).  The jury sentenced him to fifty-three years’ confinement.  Appellant
timely appealed.  

 

 

II.   Discussion

A.   Exclusion of Evidence

On
appeal, appellant contends the trial court erred in excluding testimony from
Dr. Peraino, a licensed clinical psychologist who evaluated appellant on two
different occasions.  However, appellant has waived this complaint because he
failed to make an offer of proof.

To
adequately preserve error on a ruling that excludes evidence, appellant must
prove he made known to the court the substance of the evidence being excluded. 
See Tex. R. Evid. 103; Tex. R. App. P. 33.1(a); In re N.R.C., 94
S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  The offer
of proof must show the nature of the evidence with enough specificity that the
reviewing court can determine its admissibility.  N.R.C., 94 S.W.3d at
806.  Further, the offer of proof must describe the actual content of the
testimony appellant sought to elicit, not merely the reasons appellant sought
to introduce the evidence.  See Love v. State, 861 S.W.2d 899, 901
(Tex. Crim. App. 1993); N.R.C., 94 S.W.3d at 806.  Absent a showing of
what the testimony would have been had he been permitted to elicit it, a party
presents nothing for review.  Guidry v. State, 9 S.W.3d 133, 153 (Tex.
Crim. App. 1999); Toler v. State, 546 S.W.2d 290, 295 (Tex. Crim. App.
1977). 

When the
State objected to Dr. Peraino’s testimony, appellant argued the potential testimony
would be relevant to explain why he went to Rusk Mental Hospital and the
duration of Dr. Peraino’s treatment.  However, appellant did not disclose the specific
nature of the testimony he sought to introduce, only his reasons for wanting to
offer it.  See Love, 861 S.W.2d at 901.  Therefore, appellant failed to
preserve his complaint for our review.  See Guidry, 9 S.W.3d at 153; Toler,
546 S.W.2d at 295.  Accordingly, we overrule this issue.  

 

B.  Ineffective Assistance of
Counsel

In a
related issue, appellant contends he received ineffective assistance of counsel
by counsel’s failure to argue that the State had opened the door to evidence of
certain mental health treatment that was otherwise excluded.  Both the federal
and state constitutions guarantee an accused the right to the reasonably
effective assistance of counsel.  See U.S. Const. Amend. VI; Tex. Const.
art. I, § 10; Strickland v. Washington, 466 U.S. at 668, 686 (1984).  In
reviewing claims of ineffective assistance, we apply a two-prong test.  See
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland,
466 U.S. at 687–88).  Appellant must prove by a preponderance of the evidence
that (1) his trial counsel’s representation was deficient in that it fell below
the standard of prevailing professional norms and (2) there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Id. (citing Strickland, 466 U.S. at 687–88). 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

            We look to the totality of the representation and
the particular circumstances of each case.  Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).  We begin with the strong presumption that
counsel’s actions and decisions were reasonably professional and were motivated
by sound trial strategy.  Salinas, 163 S.W.3d at 740; Stults v. State,
23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  To
overcome the presumption, a defendant’s allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson, 9 S.W.3d 814.  When the record is
silent as to the reasons for counsel’s conduct, a finding that counsel was
ineffective would call for impermissible speculation by the appellate court.  Stults,
23 S.W.3d at 208.  Therefore, it is critical for an accused relying on an
ineffective-assistance claim to make the necessary record in the trial court.  Id. 
However, when no reasonable trial strategy could justify counsel’s conduct, counsel’s
performance falls below an objective standard of reasonableness as a matter of
law, regardless of whether the record adequately reflects counsel’s strategy.  Andrews
v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).  When determining the validity
of an ineffective-assistance claim, any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight.  Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).

            Because appellant did not move for a new trial,
the record contains no testimony from counsel explaining his trial strategy.  Additionally,
we cannot say no reasonable trial strategy could justify counsel’s conduct. 
Moreover, appellant did not offer proof as to the nature of the testimony that
was excluded, and he therefore cannot show the admission of this evidence would
have produced a different outcome at trial.  Thus, he has not met either prong
of Strickland.  See Strickland, 466 U.S. at 687–88.  Accordingly,
we overrule appellant’s ineffective-assistance-of-counsel claim.

C.  Jury Charge

In his next
issue, appellant argues the trial court erred by submitting a jury charge that failed
to define the phrases “beyond a reasonable doubt” and “preponderance of the
evidence” at the guilt-innocence stage.[1]  Because he
did not object to the jury charge at trial, he must show the error was so
egregious and created such harm that he did not have a fair and impartial trial. 
Almanza v. State, 724 S.W.2d 805, 806 (Tex. Crim. App. 1986).  Appellant
has not made this requisite showing. 

Instead,
the record reveals the charge appropriately defined “preponderance of the
evidence” as the “greater weight and degree of the credible evidence in the
case.”  See Rickels v. State, 202 S.W.3d 759, 763–64 (Tex. Crim. App.
2006).  In addition, while the charge did not contain a thorough definition of
the phrase “beyond a reasonable doubt,” it stated, “[i]t is not required that
the prosecution prove guilt beyond all possible doubt; it is required that the
prosecution’s proof excludes all reasonable doubt concerning the defendant’s
guilt.”  A trial court need not specifically define “reasonable doubt” as long
as it otherwise provides instruction to the jury on the need for the State to
prove the defendant guilty beyond a reasonable doubt.  Paulson v. State,
28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (citing Victor v. Nebraska,
511 U.S. 1, 5 (1994)).  Accordingly, under current Texas law, the trial court’s
instruction was adequate.  See id.  Therefore, we overrule this issue.

D.  Legal and Factual
Sufficiency

Appellant
challenges the legal and factual sufficiency of the evidence showing he had the
requisite intent or knowledge to commit the offense.  We hold the evidence sufficiently
supports the verdict and, therefore, overrule both issues.

In a
legal sufficiency review, we consider all of the evidence in the light most
favorable to the verdict and decide whether a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Reed
v. State, 158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  We may not substitute our judgment for the jury’s, and will not engage
in a reexamination of the weight and credibility of the evidence.  Id.; Brochu
v. State, 927 S.W.2d 745, 750 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d).  

By
contrast, we review the evidence in a neutral light when conducting a factual
sufficiency review.  Reed, 158 S.W.3d at 46.  We must set aside the
verdict if (1) the proof of guilt is so obviously weak that the verdict must be
clearly wrong and manifestly unjust, or (2) the proof of guilt, although
legally sufficient, is greatly outweighed by contrary proof.  See
Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).  However,
because the jury is in the best position to evaluate the credibility of the
witnesses, we must afford appropriate deference to its conclusions.  Pena v.
State, 251 S.W.3d 601, 609 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  We may infer a defendant’s intent from his actions, words, and
conduct.  Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). 


Here, there
is sufficient evidence from which to infer appellant’s intent to assault the
officers.  He drew their attention to him by intentionally stopping up his
commode and flooding his own cell and those on the tier below.  His intent to
assault Officer Strong may be inferred from his refusal to allow the officers
to handcuff him prior to entering his cell.  Once Officer Strong opened the
door, appellant immediately lunged at him “in a cat-like motion.” 

The evidence
on appellant’s sanity was conflicting.  Although Dr. Peraino testified
appellant suffered from a severe mental defect and was not sane at the time of
the offense, he admitted his written psychiatric evaluation, which he used as
the basis for his testimony, made no causal connection between the mental
defect and the offense.  By contrast, the State offered the testimony of Dr.
Leddy, a clinical psychologist with the Mental Health Mental Retardation Center
of Harris County.  He testified that clogging a toilet is a common
attention-seeking, goal-directed behavior often used by inmates to coerce some
desired action from jail officials.  Dr. Leddy further opined that appellant
demonstrated his capacity for logical, clearly thought-out behavior when he clogged
a toilet and then suddenly re-grouped, sat down, and waited for the jailers to
open the cell door.

Reviewing
the evidence in the light most favorable to the verdict, the jury, having heard
the above testimony, reasonably could have found appellant had the requisite
intent to commit the crime charged.  See Reed, 158 S.W.3d at 46. 
Therefore, we hold the evidence showing appellant had the requisite intent or
knowledge to commit the offense was legally sufficient.  See id.  Reviewing
the evidence in a neutral light, we cannot conclude the proof of guilt is so
obviously weak that the verdict must be clearly wrong and manifestly unjust or that
the proof of guilt is greatly outweighed by contrary proof.  See Vodochodsky,
158 S.W.3d at 510.  Thus, we hold the evidence showing appellant had the
requisite intent or knowledge to commit the offense was factually sufficient.  Accordingly,
we overrule appellant’s legal- and factual-insufficiency claims.

E.  Insanity Defense

Appellant
argues section 8.01 of the Texas Penal Code, the statutory  provision referencing
what is commonly referred to as the “insanity defense,” violates the due process
clause of the Fourteenth Amendment of the United States Constitution and
article one, sections ten and fifteen of the Texas Constitution because it (1)
provides no guidelines as to what constitutes “severe mental illness” and (2)
makes no provisions for persons with mental deficiencies.  See U.S. Const.
Amend. VI; Tex. Const. art. I, §§ 10, 15; Tex. Penal Code Ann. § 8.01 (Vernon
2003).  However, he has not adequately briefed this issue for our review.

In a
facial challenge to a statute, we begin with the presumption the statute is
valid.  See Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App.
1992); Ex Parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).  The
burden rests upon the individual challenging the act to establish its
unconstitutionality.  Id.

Briefly,
appellant suggests section 8.01 is unconstitutional because no set of
circumstances exists under which the statute is valid.  See §
8.01; Santikos, 836 S.W.2d at 633.  However,
appellant makes no effort to apply the appropriate test to the facts in his
case.  “[A] brief must state concisely … the facts pertinent to the issues or
points presented.”  Tex. R. App. P. 38.1(g).  Additionally, apart from stating
the general test, appellant cites no other authority to support his conclusory
statement that the statute is unconstitutional.  Therefore, these issues have
been waived on appeal.

To
adequately brief a constitutional issue, one cannot simply invoke the general
constitutional doctrine.  Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim.
App. 2002); Rhodes v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996).
 Id.  Rather, he must present specific arguments and authorities
supporting his contentions that the statute is unconstitutional.  Because
appellant has not done so, he presents nothing for review.  Accordingly, we
overrule appellant’s claim that the insanity defense is unconstitutional.

F.  Cruel and
Unusual Punishment

Finally,
appellant argues his sentence of fifty three years’ confinement in the Texas
Department of Criminal Justice Institutional Division constitutes cruel and
unusual punishment as prohibited by the United States Constitution and the
Texas Constitution because (1) he suffers from severe mental illness and (2) the
sentence is grossly disproportionate to the offense in question.  See U.S.
Const. Amend. VIII; Tex. Const. art. I, § 13.

            We begin by noting the sentence was within the
statutory guidelines in light of appellant’s status as a repeat offender.  The
jury convicted appellant of intentionally and knowingly assaulting a public
servant, a third degree felony with punishment ordinarily ranging from two to
ten years for first-time offenders.  See Tex. Penal Code Ann. §§ 12.34,
22.01(a)(1), (b)(1).  At the sentencing phase, it was shown that appellant was
previously convicted of the felony offenses of (1) tampering with physical
evidence, (2) burglary of a building, (3) possession of a controlled substance,
and (4) burglary of a habitation.  Because the jury found appellant was a four-time
repeat offender, it was required to sentence him to confinement for at least
twenty-five years but not more than ninety-nine years.  See id. §
12.42(d).  

The
jury selected a sentence in the middle of the statutory punishment ranges.  When
punishment assessed by a judge or jury is within the statutory guidelines, it
is presumptively constitutional, and Appellant has not shown otherwise.  See
Tex. Penal Code Ann. § 12.42(d); McNew v. State, 608 S.W.2d 166, 174
(Tex. Crim. App. 1978); Benjamin v. State, 874 S.W.2d 132, 135 (Tex.
App.—Houston [14th Dist.] 1994, no pet.).

            To the extent that appellant’s argument can be
construed as one challenging the constitutionality of the statutory guidelines,
he has not preserved that complaint for appellate review.  A defendant must
object to his sentence during the sentencing phase or in a post-trial motion to
preserve error for appeal; otherwise, he waives his right to appeal his
sentence.  See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995); Cruz v. State, 838 S.W.2d 682, 687 (Tex. App.—Houston [14th
Dist.] 1992, pet. ref’d).  Here, appellant did not object at the sentencing
phase, and he did not raise his objection to his sentence in a post-trial
motion.  Thus, he has not preserved error for our review.  Accordingly, we
overrule appellant’s cruel and unusual punishment claim.  

Conclusion

            Having overruled all of appellant’s issues, we
affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges, Justice Sullivan, and Senior Justice Hudson. *

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]  We will liberally
construe appellant’s claim that the court “abused its discretion” as one
arguing egregious harm, the proper standard for an unobjected-to jury-charge
error  See Igo v. State, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006); Almanza
v. State, 724 S.W.2d 805, 806 (Tex. Crim. App. 1986).





* Senior Justice J. Harvey Hudson sitting
by assignment.