

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00075-CR

KENDELL SHAWN VANBELLE                           APPELLANT
A/K/A SHAWN VANBELLE

V.

THE STATE OF TEXAS                                       STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## DISSENTING OPINION

----------

I write separately in dissent, not because I believe that the majority does not follow the spirit of current case law, but because I believe that since the decision in *Almanza v. State*,[1] jury charges in criminal cases have grown increasingly irrelevant. Our courts have held that an error in the application paragraph that instructs the jurors on the elements they must find in order to

---

[1]686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g) (*Almanza I*).

convict is harmless if the abstract definitional paragraph is correct.[2] Courts have also held that an error in the abstract definitional portion of the jury charge does not egregiously mislead the jury if the application paragraph is correct.[3] Apparently, if any portion of the jury charge is correct, the erroneous verdict form is rendered harmless.

Case law instructs us that we must assume that the jury follows the instructions in the jury charge.[4] Contemporaneously, we must assume that the jury does not follow an erroneous instruction in the jury charge if there is some correct instruction in the charge. I am frankly confused by these rules because they appear in conflict with each other and because I do not understand how the jury, who is presumed to follow the instructions in the jury charge, is supposed to know which instructions to follow and which instructions to ignore. At some point, common sense must intrude into this alternative universe we have created. In other contexts, words have meaning. Apparently in the world of jury charges, they do not. Delivery does not mean delivery. Delivery means possession. The prosecutor who bore the unenviable burden of explaining to the jury that delivery

---

[2] *See, e.g.*, *Vasquez v. State*, 389 S.W.3d 361, 371–72 (Tex. Crim. App. 2012).

[3] *See, e.g.*, *Crenshaw v. State*, 378 S.W.3d 460, 466–67 (Tex. Crim. App. 2012).

[4] *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

means possession candidly explained to the jury that the charge made no sense. As the majority points out,

> In the State's closing argument, a prosecutor properly told the jury,
>
> Now, when the court was reading the Court's Charge to you, some of you may have noticed on the verdict form she said delivery of a controlled substance. Don't let that throw you. That's a quirk of the way the statute is worded. It covers delivery or possession with intent to deliver.[5]

There is not a hint of actual delivery anywhere in the record. Appellant was not accused of delivery of a controlled substance. He was accused in the indictment only of possession and possession with intent to deliver. Yet the jurors were instructed that they could convict only of possession or of delivery. Possession with intent to deliver was not an option, although that is what Appellant was accused of in the indictment. The jurors were allowed to convict only of an offense for which Appellant was not indicted if they found any intent to deliver the controlled substance.

In *Almanza*, the jurors were instructed to convict Almanza of aggravated rape whether they found him guilty of "plain rape" or aggravated rape. The objection that Almanza was not accused of aggravated rape was held to be no objection to the jury charge.[6] Now we have created new fictions: a jury is

_____

[5]Majority Op. at 8, n.8.

[6]*See Almanza v. State*, 686 S.W.2d 805, 807 (Tex. Crim. App. 1986), *cert. denied*, 481 U.S. 1019 (1987) (*Almanza III*); *Almanza v. State*, 696 S.W.2d 282, 283–85 & n.1 (Tex. App.—Fort Worth 1985) (*Almanza II*), *aff'd*, *Almanza III*.

3

presumed to follow the instructions in a jury charge unless the instruction is incorrect. If there is an incorrect instruction and a correct instruction, the jury is presumed to know which is correct and to ignore the incorrect instruction.

To quote Judge Sam Houston Clinton,

During your deliberations . . . is the time as well to talk of many things:

Of shoes—and ships—and sealing wax—

Of cabbages—and kings—

And why the sea is boiling hot—

And whether pigs have wings.[7]

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: May 9, 2013

---

[7]*Cane v. State*, 698 S.W.2d 138, 141 (Tex. Crim. App. 1985) (quoting Lewis Carroll, *Through the Looking-Glass*, Ch. 4, quoting the Walrus).