

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00359-CV

IN RE KERRANCE RAMONE BROWN, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

January 13, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Before the Court is a petition for writ of mandamus filed pro se by relator Kerrance Ramone Brown, an inmate in the Texas Department of Criminal Justice. In his petition, relator challenges the validity of his sentence, requests the withdrawal of his guilty plea, and seeks a new trial. We deny relator's petition.

Relator was charged in a two-count indictment for the felony offenses of possession of a controlled substance with intent to deliver[1] and unlawful possession of a firearm by a felon,[2] enhanced by two prior felony convictions. Pursuant to a plea

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (f) (West 2017).

[2] TEX. PENAL CODE ANN. § 46.04 (West Supp. 2019).

agreement, relator pleaded guilty to both counts and entered pleas of "true" to both enhancement allegations. In March of 2016, the trial court sentenced him to thirty years' confinement for each offense, with the sentences to run concurrently. Relator filed two Article 11.07 applications for writ of habeas corpus,[3] which were denied by the Court of Criminal Appeals without written order. In July of 2019, relator filed an untimely notice of appeal, which this Court dismissed for want of jurisdiction and on the basis of the trial court's certification showing that relator has no right of appeal. *Brown v. State*, No. 07-19-00266-CR, 2019 Tex. App. LEXIS 7185, at *2 (Tex. App.—Amarillo Aug. 14, 2019, no pet.) (per curiam) (mem. op., not designated for publication).

In this proceeding, relator contends in his first issue that his sentence is void because the trial court did not assess a fine, which relator asserts is required under section 481.112(f) of the Texas Health & Safety Code. The statute provides, "An offense under Subsection (a) is punishable by imprisonment . . . *and* a fine not to exceed $250,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 400 grams or more." TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (emphasis added). Texas caselaw supports the contention that section 481.112(f) mandates both confinement and the imposition of a fine. *See, e.g., Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Relator claims that, because his sentence did not include a fine, it is "illegal, void, and unauthorized by law," and he is entitled to mandamus relief. Mandamus relief is an

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Ordinarily, a defendant challenges an illegal sentence by direct appeal or by a writ of habeas corpus, not by seeking mandamus relief. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see also In re Gutierrez*, No. 07-00-00482-CV, 2000 Tex. App. LEXIS 8429, at *5-6 (Tex. App.—Amarillo 2000, orig. proceeding) ("If a defendant is entitled to a writ of habeas corpus pursuant to Article 11.07, then a court of appeals abuses its discretion if it rules favorably on a petition for mandamus to correct a void conviction, because of the existence of an adequate legal remedy.").

In this case, relator has previously challenged the legality of his sentence by a writ of habeas corpus. According to relator's petition, his second application for writ of habeas corpus raised the issue that his sentence was void due to the trial court's failure to assess a fine.[4] The Court of Criminal Appeals denied relator's application. Therefore, it appears that relator obtained a decision on this issue from our state's court of last resort for criminal cases. This Court lacks authority to overrule or circumvent Court of Criminal Appeals precedent. *State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Court of Criminal Appeals is the court of last resort in this state in criminal

---

[4] Relator asserts that he sought to amend his first application for writ of habeas corpus by alleging two additional grounds for relief, but the court treated it as a second application.

matters. This being so, no other court of this state has authority to overrule or circumvent its decisions or disobey its mandates.").

Moreover, we observe that relator's petition for mandamus does not establish that the trial court imposed an unlawful sentence, thereby abusing its discretion or violating a duty imposed by law. At the time of relator's conviction, the trial court also found that he had been finally convicted of two previous felony offenses. Consequently, relator was not sentenced under section 481.112(f) of the Health and Safety Code, but under the habitual offender provision in section 12.42(d) of the Penal Code. *See Vanbelle v. State*, No. 02-12-00075-CR, 2013 Tex. App. LEXIS 5701, at *13-14 (Tex. App.—Fort Worth May 9, 2013, pet. ref'd) (mem. op., not designated for publication). Section 12.42(d) does not require, or even authorize, the assessment of a fine. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019); *Harris v. State*, 903 S.W.2d 514, 515 (Tex. App.—Texarkana 1995, no pet.) ("[T]here is no statutory provision for a fine as a habitual offender.").

Therefore, we overrule relator's first issue. Because we have overruled relator's first issue, we need not reach his second issue, which is premised on the invalidity of his sentence. TEX. R. APP. P. 47.1.

Relator's petition for writ of mandamus is denied.

Judy C. Parker
Justice

4