**Thomas A. WEBBE and Judy Webbe, Appellants,**

v.

**Bruce W. KEEL and Mary C. Keel, Respondents.**

**No. SD 31483.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 2012.

Kenneth A. Leeds, St. Louis, MO, for Appellant.

Shanna K. Surratt, Cape Girardeau, MO, for Respondent.

DANIEL E. SCOTT, Judge.

A contract for deed stated a $30,000 price, payable 10% down and the $27,000 balance in 144 monthly payments of $300.

The buyers sued for a deed after 90 months, claiming that 90 × $300 = $27,000. They lost on summary judgment. We affirm.

## Background

Appellants ("Buyers") wanted to buy a house from Respondents ("Sellers"), but could not get a mortgage, so the parties made a contract for deed that stated in part:

- A selling price of $30,000, less a 10% down payment of $3,000, for a balance due of $27,000.
- "Payment to begin August 3, 2002, and continue each month for 144 (one hundred forty-four) months. Payment to be $300 (Three hundred dollars) per month with possible exception."[1]
- Buyers would receive a deed within ten working days of "[w]hen the last payment is made, number 144 (one hundred forty-four)."

Ninety months later, Buyers sued Sellers for the deed, citing the $30,000 sale price and claiming their payments totaled that sum. Sellers eventually sought summary judgment on two bases: (1) the contract required 144 payments, not 90; and (2) in any event, Buyers had not yet paid $30,000. The trial court granted Sellers' motion, but did not state the basis for its ruling.[2]

## Point on Appeal

■ Buyers' sole point asserts that summary judgment was improper "because there are genuine issues of material fact concerning the interpretation of the contract for deed." This rests on a faulty premise since contract interpretation is a question of law. *Newco Atlas, Inc. v. Park Range Constr., Inc.*, 272 S.W.3d 886, 891 (Mo.App.2008). Likewise, "the parties' disagreement about the interpretation of terms in the contracts is not a dispute of fact but a question of law properly decided by the trial court." *Id.* at 895.

Faring no better are Buyers' supporting arguments, such as:

It is clear by the positions taken by both parties, that there is a difference of opinion as to what the agreed upon purchase price of the subject property was. The trial court's granting of [Seller's] Motion For Summary Judgment in light of its failure to recognize this material disputed fact was error.

Citing this "difference of opinion," Buyers claim the contract is ambiguous (should the contract payments total $30,000 or $46,300?), and that a jury should decide the correct interpretation.

■ These assertions all go amiss. Judges, not juries, interpret contracts. *Newco Atlas*, 272 S.W.3d at 891. Judges, not juries, decide contract interpretation disputes. *Id.* at 895. Disputed contract terms are not necessarily ambiguous. *Id.* at 891. It is not ambiguous for 144 monthly payments to exceed this contract's sale price because the time value of money is a judicially-known concept. *See Nesselrode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371, 385 n. 13 (Mo. banc 1986) ("The concept of present worth or value rests on the

---

1. This exception, which apparently never came into play, tied Buyers' payment to Sellers' "interest sensitive loan" and included an illustration. Sellers' monthly payments on the property were $359.39. If they went up to $369.39, "then [Buyers] agree[d] to increase the monthly installment payment to $310.00 (three hundred ten dollars and no

cents) to reimburse [Sellers'] increase in interest on said property."

2. Such failure does not impede appellate review, which is essentially *de novo*. *ITT Comm. Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

assumption that money has earning power. Therefore, the value of one dollar today is worth more than one dollar payable at a future date-because the one dollar paid today can, through safe investments, grow and earn additional dollars.").

## Conclusion

Buyers' sole point fails. They get title to the property after 144 payments, only 90 of which they claim to have made.[3] The trial court properly ruled, as a matter of law, that Buyers could not yet have the deed they sought. Judgment affirmed.

BARNEY, J., and FRANCIS, P.J., concur.

3. We need not reach Seller's claim that Buyers did not make even 90 payments.