ACCEPTED
14-15-00511-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/11/2015 2:51:11 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00511-CR

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/11/2015 2:51:11 PM
CHRISTOPHER A. PRINE
Clerk

KENASHICA DARPRE DAVISON

*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1451009
From the 351st District Court of Harris County, Texas

BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

MELISSA MARTIN
Assistant Public Defender
Harris County, Texas
TBN. 24002532
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4319

**Counsel for Appellant**

**IDENTITY OF PARTIES AND COUNSEL**

APPELLANT:                                          Kenashica Darpre Davison
                                                           SPN# 01678253
                                                           1200 Baker St
                                                           Houston, TX 77002


TRIAL PROSECUTORS:                       Brittany Aaron
                                                           Assistant District Attorney
                                                           Harris County, Texas
                                                           1201 Franklin Avenue, 6th Fl
                                                           Houston, TX77002


DEFENSE COUNSEL AT TRIAL:         Patrick J. Ruzzo
                                                           Attorney at Law
                                                           PO Box 70316
                                                           Houston, TX 77270


PRESIDING JUDGE:                           Hon. Ruben Guerrero
                                                           351st  District Court
                                                           Harris County, Texas
                                                           1201 Franklin Avenue, 14th Fl
                                                           Houston, TX 77002


COUNSEL ON APPEAL FOR APPELLANT:   Melissa Martin
                                                           Assistant Public Defender
                                                           Harris County, Texas
                                                           1201 Franklin Avenue, 13th floor
                                                           Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................................ii

TABLE OF CONTENTS ................................................................................................iii

INDEX OF AUTHORITIES ...........................................................................................iv

STATEMENT OF THE CASE............................................................................................ 1

ISSUE PRESENTED ......................................................................................................... 1

THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO INSTRUCT THE JURY ON A CLASS A MISDEMEANOR LESSER INCLUDED OFFENSE AND APPELLANT WAS EGREGIOUSLY HARMED.

STATEMENT OF FACTS .................................................................................................. 1

SUMMARY OF THE ARGUMENT ................................................................................... 4

ARGUMENT ................................................................................................................... 4

    A. STANDARD OF REVIEW AND PERTINENT LAW............................................... 4

    B. APPELLANT WAS ENTITLED TO LESSER-INCLUDED CHARGE................................ 5

        1. MISDEMEANOR THEFT IS A LESSER-INCLUDED OFFENSE OF FELONY THEFT  5

        2. MORE THAN A SCINTILLA OF EVIDENCE SUPPORTED THE LESSER-INCLUDED OFFENSE ................................................................................................ 6

    C. APPELLANT WAS HARMED ................................................................................ 10

PRAYER .......................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................ 15

CERTIFICATE OF COMPLIANCE.................................................................................... 16

# INDEX OF AUTHORITIES

**Cases**

*Almanza v.State*, 645 S.W. 2d 885 (Tex. Crim. App. 1984) ........................................4, 5, 10

*Haley v. State*, 369 S.W.3d 756 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ..... 5, 10

*Hall v. State*, 255 S.W.3d 524 (Tex. Crim. App. 2007) ........................................ 4, 9

*Olivas v. State,* 202 S.W.3d 137 (Tex. Crim. App. 2006) ..................................... 10

**Statutes**

Tex. Code Crim. Proc, art. 37.09 (1) ........................................................... 4

Tex. Code Crim. Proc, art. 37.09 (2) ........................................................... 4

Tex. Penal Code § 31.02(e)(4)(A). ............................................................. 3

Tex. Penal Code §31.03 (a) (West 2015) ..................................................... 4, 6

Tex. Penal Code §31.03 (b)(1) (West 2015) ................................................. 4, 6

Tex. Penal Code §31.03 (e)(3) (West 2015) ................................................. 4, 6

Tex. Penal Code §31.03 (4)(A) (West 2015) ................................................. 4, 6

**Rules**

Tex. Rule Crim. Proc., art. 36. 19 (West 2015) ............................................. 4

Tex. Rule Crim. Proc., art. 37.09 (1) (West 2015). ......................................... 5

Tex. Rule Crim. Proc., art. 37.09 (2) (West 2015). ......................................... 5

## Statement of the Case

Appellant Kenashica Darpre Davison was indicted on a charge of state-jail felony theft (C.R. at 12). The state alleged two prior state-jail felony thefts. The case was tried to a jury, which convicted her on June 3, 2015 (C.R. at 67; 3 R.R. at 61). Ms. Davison and the state agreed to a sentence of four years' confinement in the Institutional Division of the Texas Department of Criminal Justice and the trial court upheld the agreement after appellant pled "True" to the two enhancement paragraphs (4 R.R. at 5-7).

## Issue Presented

The trial court erred in denying appellant's request to instruct the jury on a Class A misdemeanor lesser included offense and appellant was egregiously harmed.

## Statement of Facts

The incident took place at T.J. Maxx on Richmond, near the Houston Galleria (3 R.R. at 10).

Timothy McCoy testified for the state that he works for TJX Companies on a "national task force, ORC investigator, which is organized retail crime" (3 R.R. at 12). Mr. McCoy described his job as investigating various types of organized crimes for the Houston area stores owned by the TJX Companies, one of which is the T.J. Maxx on Richmond (3 R.R. at 12-13).

1

On November 24, 2014 McCoy received a call regarding the Richmond store, where he was told there had been a theft (3 R.R. at 13). When he arrived at the store he reviewed store videos and "saw that somebody had came (sic) into the store, selected some merchandise and walked out with the alarm going off without paying for the merchandise" (3 R.R. at 14). The state introduced State's Exhibit 15, showing clips from different cameras, at different times (3 R.R. at 15; 5 R.R. at State's Ex. 15).

The first clip showed a woman walking into the store, who McCoy testified he knew to be appellant from other investigations—"…I know her from sight and from name"—he then made an in-court identification of appellant (3 R.R. at 16). The woman was carrying a "reusable shopping bag that appeared to be empty" (3 R.R. at 16). The next clip showed the same woman at "the Department 7 runway. And this is where we keep high-dollar handbags and high-dollar fashion stuff" (3 R.R. at 16-17). McCoy described the woman they were watching at that time as "wearing the bag on her arm and the white cap on her head with a dark-colored coat" (3 R.R. at 17).

McCoy testified that in his experience, women carrying empty bags when they come into a store are viewed by experts in his field to be "alert signal[s]" (3 R.R. at 17). "Another thing we look at is how the particular individual is behaving, see if they're looking around at cameras, looking around for associates, things of that nature. Also, the department itself is a high-dollar department where almost if you take one thing out of there, it's considered what the County considers a felony, so we watch that area as well" (3 R.R. at 18). McCoy agreed with the state that "those indicators" had been

apparent to him in the tape (3 R.R. at 18). The state led McCoy through the rest of the video, showing the subject moving through the store and then going out by the only entrance and exit doors (3 R.R. at 18-19).

The state also entered several still photographs made from the video through McCoy that showed the suspect entering the store with a bag that appeared to be empty, picking up two purses from a display table, the same person in another part of the store, then exiting with the same bag, now looking full (3 R.R. at 20; 5 R.R. at State's Exs. 3-12).

The jury next heard from Sally Carlson, a long-time sales manager with T.J. Maxx, who was present on the day of the incident, when an alarm signaled that merchandise had been taken out of the store (3 R.R. at 29-30). After watching the video, Carlson determined which purses had been taken and determined their value from a "book with pictures of every runway purse that we receive with style numbers and prices" (3 R.R. at 31). Through Carlson, the state introduced a "receipt that you can put a department and style number and it will come up with a price" (3 R.R. at 32). This process is what the store does when things are stolen, "[to] determine the correct value" and the receipt is kept in the loss prevention record (3 R.R. at 32; 5 R.R. at State's Ex. 16). The receipt showed the value of the two items to be $2349.98, which is over the statutory amount for a state jail felony (3 R.R. at 33). Tex. Penal Code § 31.02(e)(4)(A).

Gloria Whitman, another organized crime and retail investigator for Marmaxx Group, which owns T.J. Maxx, testified as the person "with more right to the property

3

than Kenashica Davison" (3 R.R. at 44). Whitman testified that she had investigated the incident and had determined one of the two purses had been marked down by $100 from the price testified to by Carlson, but that the total value price was still over the felony amount of $1500.00 (3 R.R. at 43).

## Summary of Argument

Class A misdemeanor theft is a lesser included offense of state-jail felony theft. Tex. Code Crim. Proc, art. 37.09 (1) & (2); Tex. Penal Code 31.03(a), (b)(1), (e)(3) & (4)(A)(West 2015). There was more than a scintilla of evidence that appellant was entitled to the misdemeanor instruction. *See Hall v. State*, 255 S.W.3d 524 (Tex. Crim. App. 2007). Appellant preserved error and showed some harm, therefore the error is reversible. *Almanza v.State*, 645 S.W. 2d 885 (Tex. Crim. App. 1984); Tex. Rules Crim. Proc. 36. 19 (West 2015).

## Issue Presented

The trial court erred in denying appellant's request to instruct the jury on a Class A misdemeanor lesser included offense and appellant was harmed.

## Argument

**A.    Standard of Review and Pertinent Law**

Whether or not an offense is a lesser-included offense of the alleged offense is a matter of law. *Hall v. State*, 225 S.W.3d at 535. It does not depend on the evidence to be produced at trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are

alleged in the indictment or information with the elements of the potential lesser-included offense. *Id.*, at 535-36.

> A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense."

*Id.,* at 536, citations omitted.

Where, as here, there was an objection to the jury charge and a request for a lesser-included offense, a court of appeals will reverse if there is "some harm" to the appellant. *Haley v. State*, 369 S.W.3d 756, 766 (Tex. App.—Houston [14th Dist.] 2013, no pet.), citing *Almanza v. State*, 686 S.W.2d at 171).

## B.      Appellant was Entitled to Lesser-Included Charge

### 1.      Misdemeanor theft is a lesser-included offense of felony theft.

Two factors that make an offense a lesser-included offense are (1) if it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged; or (2) if it differs from the offense charged only in the respect that a less serious injury…to the person…suffices to establish its commission.  Tex. Rule Crim. Proc., art. 37.09(1) & (2) (West 2015).

In this case, the charged offense and the proposed lesser-included offense are contained within the same statute; the only difference is the amount of loss to the

5

complainant—$500 or more but less than $1500 for the misdemeanor; $1500 or more but less than $20,000 for the state jail felony. Tex. Penal Code §31.03 (a), (b)(1), (e)(3) & (4)(A) (West 2015).

2.      More than a scintilla of evidence supported the lesser-included offense.

Defense counsel objected to the court's charge and requested a lesser-included charge of Class A Misdemeanor be added to the charge based on "the testimony of Sally Carlson where she testified that the merchandise that is alleged to have been stolen in the indictment could be sold for 50 percent less than the $2543.85 that she testified was the ticketed price" (3 R.R. at 50). Although Ms. Carlson did not testify to the possibility of a 50% markdown of merchandise at T.J. Maxx, she did agree that markdowns occur "at some point" (3 R.R. at 36). And Whitman, on direct examination, implied that one of the purses at issue had been marked down at the time it was allegedly stolen (3 R.R. at 43).

Carlson testified she was able to determine the value of the two purses that were allegedly taken because the store keeps "a book with pictures of every runway purse that we receive with style numbers and prices" (3 R.R. at 31). The book was not entered into evidence; instead, the state showed Carlson what she described as "a receipt that you can put a department and style number and it will come up with a price" (3 R.R. at 32). Carlson stated this procedure was typically done to determine the correct value of a stolen item (3 R.R. at 32). The "receipt" showed a Chloe purse valued at $1499 and a Marc Jacobs purse valued at $849.99" (3 R.R. at 33 & 34). The state did not ask her if

6

the values listed in the book of pictures were the same as those on the "receipt" (3 R.R. at 31-34).

Defense counsel elicited from Carlson that "at some point" merchandise at the store is "put on a clearance rack and sold at a price that's reduced from the ticketed price" (3 R.R. at 36). Reductions in the price of items are not noted in the picture log (3 R.R. at 36). When runway items are reduced they remain in the same place as before they are reduced (3 R.R. at 36). To Carlson's knowledge, neither of the purses allegedly taken by Ms. Davison had been reduced (3 R.R. at 36).

In fact, however, according to Ms. Whitman, her investigation had revealed the Chloe purse was priced at $1399.99 (3 R.R. at 43). Her testimony does not reveal how Whitman determined the purse was valued at less than Carlton's "receipt" nor why the "receipt" had a higher price. Whitman said she was aware the store believed the purse was valued at $1499.99 (3 R.R. at 43).Whitman never stated the discrepancy was due to a discounted price but when the state asked her "…to your knowledge, was either of the bags discounted any further than that?" Whitman responded, "Not that I know of" (3 R.R. at 43).

On cross-examination, the following exchange occurred:

Q.   When merchandise is placed out on the sales floor, it is – it has a tag on it, right?

A.   Yes, ma'am – yes, sir.

Q.   And that tag has what we'll call the ticketed sales price, correct?

A. Right.

Q. And at some point it's typical for merchandise that has been there for a period of time to be discounted, correct?

A. I believe you call that a markdown.

Q. A markdown, right?

A. Yes.

Q. And do you know whether or not Chloe and Marc Jacobs bags, such as the ones that we're talking about, were later marked down?

A. No sir, I do not.

(3 R.R. at 44-45).

Ms. Carlson testified the store does not keep a log of stolen items and such items are not "reflected in [the store's] accounts (3 R.R. at 39). Ms. Whitman stated T.J. Maxx has a system for recording the values of stolen items, though she did not elaborate on from where the information comes (3 R.R. at 45). Given that the store in question apparently keeps neither a log of reductions nor of the losses from thefts, it is difficult to see how the value of items could be known with certainty. All three of the state's witnesses testified their opinion was the value of the two purses was "over $1500" but, essentially, these assertions were based only on the best of their knowledge.

McCoy stated the "Department 7 Runway" section "is a high-dollar department where almost if you take one thing out of there, it's considered what the County considers a felony" (3 R.R. at 18). Carlson testified that the "receipt" valued the items at over $1500 and agreed with the state that the two purses had not been reduced "to

8

the best of [her] knowledge" (3 R.R. at 36). Whitman testified that although one of the purses was worth $100 less than Carlson claimed, the value of the two was "over $1500" (3 R.R. at 43 & 45).

All of the above evidence gives rise to the possibility that not one of the state's witnesses actually knew the value of the purses on the day they were taken; they knew the value on the day they were entered into the picture log and tagged—though no one testified to what those values were when they were entered—and they knew what the store "receipt" said was their prices on the day of the incident. One of those prices, however, was wrong according to Whitman, but she failed to explain how she knew that and was unable to say whether they had been further reduced when asked by defense counsel.

A jury rationally could have found from the above evidence that if the appellant was guilty, she was guilty only of the lesser-included offense; the evidence established a valid, rational alternative to the charged offense. *Hall v. State*, 225 S.W.3d at 535-36. It was, therefore, error for the trial court to fail to give the lesser-included instruction.[1]

---

[1] Defense counsel's inexplicable desire to put on the record his hours of research into the prices of similar purses from different sources and to reassure the trial court that neither he nor the state was able to locate the same pair of purses being sold for under $1500 is, of course, not evidence.

9

## C.    Appellant was harmed

"The appropriate standard for all errors in the jury charge, statutory or constitutional, is that set out in *Almanza." Olivas v. State,* 202 S.W.3d 137, 145 (Tex. Crim. App. 2006).

> If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than some harm must result from the error.

*Almanza v. State,* 686 S.W.2d at 171.

Had the jury been given the option of convicting Ms. Davison of the Class A misdemeanor theft, rather than the state-jail felony theft, and it chose the former, Ms. Davison would have faced an enhanced sentence of 90 days up to one year in county jail, rather than the enhanced third-degree felony range of two to ten years in the Institutional Division of the Texas Department of Criminal Justice. Certainly, the loss of that possibility due to the trial court's error in denying the lesser-included request caused appellant "some harm" and the conviction should be vacated. *Almanza v. State,* 686 S.W.2d at 171; *Haley v. State*, 369 S.W.3d at 766.

### Prayer

In view of the foregoing argument, appellant requests this Court reverse her conviction and remand her case to the trial court with instructions to grant her a new trial.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

/s/Melissa Martin

_____
**Melissa Martin**
Assistant Public Defender
Harris County Texas
1201 Franklin 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 437-4319 e-fax
TBA No. 24002532

### CERTIFICATE OF SERVICE

I certify that I provided a copy of the foregoing brief to the Harris County District Attorney on the day the brief was accepted.

/s/ Melissa Martin

_____
**MELISSA MARTIN**
Assistant Public Defender

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e)(i).

1.     Exclusive of the portions exempted by Tex. R. App. Proc. 9.4 (i)(1), this brief contains 2,647 words printed in a proportionally spaced typeface.

2.     This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 12 point font in footnotes produced by Microsoft Word software.

3.     Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.     Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. Proc. 9.4(j), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/ Melissa Martin

_____

**MELISSA MARTIN**